IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:04-353-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises claims relating to alleged ineffective assistance of trial and appellate counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant was given an extension of time to respond to the Government's motion, yet has failed to file a response.

The court has reviewed the complete record in this case. For the reasons stated in the Government's response and its supplemental response, which this court finds to be correct and adopts as its findings, the court grants the Government's motion for summary judgment as to all of Defendant's claims for relief.[1]

**IT IS THEREFORE ORDERED** that the Government's Motion for Summary Judgment is **GRANTED.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[1]Because this court finds trial counsel was not ineffective in relation to any of the grounds raised, failure to raise these issues on appeal could not have prejudiced Defendant.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

 **IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 17, 2010