IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:04-353-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks reconsideration of the dismissal of his motion for relief under 28 U.S.C. § 2255. Dkt. #534 (filed Oct. 8, 2010).

This motion was filed beyond ten days after the entry of judgment. Therefore, under the Federal Rules of Civil Procedure as they existed at the time Defendant filed his motion, Defendant's motion is characterized as a Rule 60 motion.[1] *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(b) (a district court may not extend the time "for taking any action under Rules . . . 59(b), (d), and (e) and 60(b) except to the extent and under the conditions stated in them"). *See also Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) ("Rule 59(e) . . . simply does not provide *any* mechanism for extending the prescribed ten-day filing deadline. Thus, the Federal Rules clearly prescribe that a motion under Rule 59(e) must be filed within ten days after entry of the judgment, and the Rules just as clearly provide the district court with no authority to extend the filing period.").

Having construed Plaintiff's motion as a motion for relief pursuant to Federal Rule of Civil Procedure 60, the court determines that Plaintiff is proceeding under Rule 60(b)(6), as no other subsection of Rule 60(b) is applicable. Rule 60(b)(6) states in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reasons justifying relief from the operation of the judgment." Rule 60(b)(6) provides the court power to vacate judgments whenever such action is appropriate to accomplish justice and where relief might

---

[1] On December 1, 2010, the Rules were amended to provide that a Rule 59(e) motion was to be filed within twenty-eight (28) days of the entry of judgment.

not be available under any other clause in 60(b). *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999). Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 (4th Cir. 2000) (internal quotation marks omitted). The Fourth Circuit has described Rule 60(b)(6) as serving as the court's "grand reservoir of equitable power to do justice in a particular case." *National Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 266 (4th Cir.1993) (internal quotation marks omitted).

Defendant presents arguments that go to issues normally addressed in a direct appeal, not a collateral proceeding. However, to the extent these arguments are properly presented in a 60(b) motion relating to his § 2255 motion, the grounds for relief in Defendant's § 2255 motion went to the alleged ineffectiveness of his counsel, and not the issues presented in this motion for reconsideration.

Defendant's motion is **denied**.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 27, 2011