IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:04-353 (CMC) |
| v. | **OPINION and ORDER** |
| Kenneth Roshaun Reid, | |
| Defendant. | |

This matter is before the court pursuant to Defendant's *pro se* motion for reconsideration of this court's denial of his motion for "Correction of Error in Pre-Sentence Investigation Report." ECF Nos. 588 & 585. For the reasons previously stated, Defendant's motion is **denied**.[1]

Defendant indicates in his motion for reconsideration that he is serving an "illegal sentence[,]" Mot. at 4, and "[h]ow can you sentence me to an 'amount' less than five [grams] when the jury verdict form said no amount at all[?]" *Id*. at 6. To the extent Defendant now challenges the sentence he is serving (which he did not directly do in his previous motion for correction of error), such is more properly considered in a motion for relief under 28 U.S.C. § 2255. However, Defendant's failure to secure permission to file a second or successive motion[2] in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132,

---

[1] As noted in this court's previous order, Defendant's custody status may be related to the fact that Defendant was convicted of Count 4, which charged Defendant with causing the death of a person by using a firearm during and in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. §§ 924(j)(1) and 2.

[2] Defendant filed a motion for relief under 28 U.S.C. § 2255 in November 2009. The Government was granted summary judgment on September 17, 2010. ECF No. 529. Defendant appealed this court's ruling, and on March 21, 2011, the Fourth Circuit Court of Appeals dismissed Defendant's appeal. *United States v. Reid*, 419 F. App'x 310 (4th Cir. 2011).

110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.

Accordingly, to the extent this motion can be construed as a motion for relief under § 2255, it is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive

procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 25, 2012