IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:04-353 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Kenneth Roshaun Reid, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion seeking relief under 18 U.S.C. § 3582(c)(2). ECF No. 663. Defendant contends he is entitled to relief under Amendment 782[1] because his conviction and sentence are "illegal" and that this court "illegally sentenced" Defendant. Defendant seeks the dismissal of Counts 1 and 4 of the superseding indictment "because illegal sentence [sic]." *Id.*

Defendant's motion is, in reality, a second or successive motion for relief under § 2255. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

---

[1] Defendant's motion refers to "the new Crack Amendment 732 . . . ." Mot. at 1, ECF No. 663.

Defendant's motion is dismissed without prejudice as this court is without jurisdiction to consider it.[2]

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 17, 2014

---

[2] At sentencing, Defendant's offense level was determined by a cross reference to § 2A1.1 (43). Therefore, Defendant is not entitled to relief under U.S.S.G. Amendment 782.