IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:04-353 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, has filed a "motion pursuant to 12(h)(3) for Lack of Subject Matter Jurisdiction." ECF No. 707. Defendant's motion is, in actuality, a second or successive motion for relief under § 2255, as he argues that the court lacked subject matter jurisdiction over his § 924(j) offense. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody. . .claiming. . . that the court was without jurisdiction to impose such sentence. . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.)"

Defendant filed a prior motion for relief pursuant to 28 U.S.C. § 2255 on November 30, 2009. ECF No. 498. On September 17, 2010, the court granted summary judgment to the Government and the § 2255 motion was dismissed with prejudice. ECF No. 529. Defendant also filed a Motion to Reopen or Amend his § 2255 motion, which was construed as a second or successive § 2255 motion, on December 6, 2013. ECF No. 629. This motion was denied on December 9, 2013. ECF No. 630.

The current motion is again a successive § 2255 motion. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain

certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.  As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").  This he has not done.

The requirement of petitioning a court of appeals (in this instance, the Fourth Circuit) for permission to file a second or successive motion is jurisdictional.  Therefore, Defendant's failure to move for permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court.[1]  This motion is dismissed as this court is without jurisdiction to consider it.[2]

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3).

[2] This court is aware that the Fourth Circuit has granted permission for certain defendants to file successive § 2255 motions challenging their § 924(c) convictions based upon the underlying

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 4, 2016

---

conviction.  This is not such a case.  Defendant here challenges his § 924(j) conviction, arguing that he cannot be convicted of § 924(j) without a conviction for violating § 924(c) as well. However, a review of the jury instructions shows that the jury was charged that it must find the elements of § 924(c) in order to convict Defendant under § 924(j).