IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:04-353-CMC |
| v. | |
| Kenneth Roshaun Reid, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion to correct "false statements of fact placed on the records" in his case. ECF No. 723. Specifically, Defendant alleges that his "sentence cannot and is not based on guilt of title 21 USC § 841(b)(1)(A) or title 21 USC § 841(b)(1)(b) as the Docket sheet and FBOP record reflects because I was not found guilty of these enhanced penaltie (sic) provisions that were alleged in Count 1 and realleged in Count 3." *Id.* at 1.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on August 2, 2006, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582(c) or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C.

§ 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant of the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these is applicable in this case.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. The Fourth Circuit affirmed the Defendant's convictions on appeal. ECF No. 477.

The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's motion to correct the record is denied for lack of jurisdiction.[1]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 31, 2016

---

[1] To the extent this filing by Defendant could be considered a motion under 28 U.S.C. § 2255, the court notes that such a motion would be successive. Therefore, the court would not have jurisdiction to hear it.

2

3