IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:04-353-CMC |
| v. | |
| Kenneth Roshaun Reid, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion "pursuant to Federal Rules of Appellate Procedure Rule 10(e)(1), (2), 10(e) and (b) Correction or Modification of the Record." ECF No. 744. Specifically, Defendant alleges his PreSentence Report ("PSR") is incorrect because the Probation Officer "illegally placed an enhanced penaltie (sic) provision of title 21 USC § 841(b)(1)(C) in Appellant's PSR/PSI that Appellant was not charged with in his indictment at all." Further, he argues the Docket sheet is false as "it reads that Appellant was found guilty of the enhanced penaltie (sic) provisions of 21 USC § 841 (b)(1)(A), 21 USC 841(b)(1)(B)." *Id.* at 2.

Federal Rule of Criminal Procedure 36 permits correction of a "clerical error" in the record: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Fed. R. Crim. P. 36. The court will evaluate Defendant's claims under this Rule.

Defendant argues two documents are incorrect: his PSR and the docket sheet. First, he argues his PSR is incorrect because it states Defendant was found guilty of count one, conspiracy to possess with intent to distribute and distribution of a quantity of cocaine base, cited under 21

U.S.C. §§ 841(a)(1), (b)(1)(C), and 846[1]. Defendant contends he was not charged under § 841(b)(1)(C) in his indictment, and calls it an "enhanced penaltie (sic) provision."

However, this entry in Defendant's PSR is correct. Section 841(b)(1)(A) sets the penalty for defendants found guilty of possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, and § 841(b)(1)(B) sets the penalty for defendants found guilty of possessing with intent to distribute 5 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (effective Nov. 2, 2002 to Mar. 8, 2006).[2] Defendant was charged under § 841(b)(1)(A) and (b)(1)(B) in the second superseding indictment (ECF No. 138); however, at trial the jury did not convict him of either of these drug weights, but did convict him of conspiracy to possess with intent to distribute a quantity of cocaine base (ECF No. 335). Because the jury was unable to reach a unanimous verdict as to the higher drug weight, his conviction is under § 841(b)(1)(C), which provides the penalty for the case of "a controlled substance in schedule I or II . . . except as provided in subparagraphs (A), (B), and (D)." Subparagraph (C), as reflected in Defendant's PSR, is the "catch all" provision for drug weights below those in subsections (A) and (B). Therefore, it is not an "enhanced" penalty, as Defendant argues, but actually provides for a lesser statutory sentence than subparagraphs (A) and (B) in most cases. The PSR is correct in listing Defendant's conviction under § 841(b)(1)(C).

Defendant next argues the docket sheet is incorrect, as it "reads that Appellant was found guilty of the enhanced penaltie (sic) provisions of 21 USC § 841 (b)(1)(A), 21 USC § 841(b)(1)(B). This is untrue because Appellant was not found guilty of this." As explained above, the different

---

[1] § 846 is the conspiracy statute.
[2] As Defendant was convicted September 23, 2005, the statute in effect at the time of his conviction is cited.

subparagraphs of § 841 have to do with penalties for different drug weights.  Although Defendant may not have been found guilty of the drug weights associated with subparagraphs (A) and (B), those are reflected in the second superseding indictment as the charges Defendant faced.  The docket sheet lists these sections under "Pending Counts," and does not state Defendant was found guilty of those sections.  Therefore, the court is satisfied the docket sheet is not incorrect.  Defendant's motion is **denied**.

    **IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    Senior United States District Judge

Columbia, South Carolina
February 21, 2017