IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:04-353 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 9, 2017, Defendant, proceeding *pro se*, filed a motion for copies of all trial transcripts (ECF No. 735) and a motion to "appoint counsel. . . to refile original 28 U.S.C. § 2255(a) and 'COA' to refile original 2255 motion" (ECF No. 736). The same day, Defendant filed a notice of appeal of this court's final order regarding Defendant's motion to vacate under § 2255 filed November 20, 2009. ECF No. 737. This court entered an Order noting it would address Defendant's motions once the Court of Appeals entered a decision on his appeal. *See* ECF No. 742. On February 28, 2017, the Fourth Circuit dismissed Defendant's appeal as untimely. ECF No. 747.

Defendant filed a *pro se* motion pursuant to § 2255 on November 20, 2009. ECF No. 498. He argued his counsel was ineffective during trial and sentencing for allegedly allowing Defendant's speedy trial act rights to be violated, and for providing erroneous advice and information regarding the Government's proposed plea agreement. He also challenged counsel's effectiveness regarding alleged "erroneous jury instructions" and insufficient evidence.

After full briefing, this court granted the Government's motion for summary judgment, dismissed Defendant's § 2255 motion with prejudice, and denied a certificate of appealability.

ECF No. 529. Defendant thereafter filed a motion for issuance of a certificate of appealability and a motion to alter or amend judgment pursuant to Fed. R. Civ. P 59(e). ECF Nos. 532, 534.

This court denied the motion for a certificate of appealability as moot and denied Defendant's motion to alter or amend, which it construed as a motion under Fed. R. Civ. P. 60(b)(6) due to time limits associated with Rule 59(e). ECF Nos. 535, 544. Defendant also filed an appeal from the dismissal of his § 2255 motion and denial of his motion for certificate of appealability. *See* ECF No. 537. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 548.

On July 15, 2013, Defendant filed another § 2255 motion, requesting the court apply *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013) to his case. ECF No. 611. The court dismissed the motion for lack of jurisdiction, because it was a second or successive motion filed without first obtaining permission from the Court of Appeals. ECF No. 613. The Fourth Circuit also dismissed Defendant's appeal of this Order. ECF Nos. 616, 623.

Defendant has filed several motions attempting to overturn his conviction pursuant to different rules and theories. *See, e.g.*, ECF Nos. 629, 632, 707, 723. In his latest motion, Defendant seeks appointment of counsel to refile his original § 2255 motion. ECF No. 736. As explained in numerous prior orders, Defendant, with or without counsel, may not file another § 2255 motion in this court without first receiving permission to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

In addition, Defendant argues he should have been appointed counsel on his original § 2255 motion because he was death penalty eligible. In support of this argument, Defendant cites 28 U.S.C. § 2261; however, § 2261 applies to prisoners in state custody and thus is inapplicable to Defendant. 18 U.S.C. § 3599(a)(2) requires appointment of counsel "in any post conviction

proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence . . ." Defendant is correct that counsel must be appointed on criminal matters when a defendant is charged with a crime which may be punishable by death[1]; however, in post-conviction proceedings a defendant is only entitled to counsel if he is actually sentenced to death. Defendant was not sentenced to death; therefore, he was not entitled to counsel on his original § 2255 motion, or now as he seeks to re-file a § 2255 motion.

Defendant also requests "all jury notes, all transcripts of record" in his case. ECF No. 735. The *Jones* court held that "[W]hen a need for a transcript in order to collaterally attack a conviction is shown, equal protection and due process require the state to furnish an indigent prisoner such transcript without charge." *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4th Cir. 1972). However, longstanding circuit precedent provides that a prisoner who requests free copies of records in his or her criminal case, whether it is a state or federal case, must show a particularized need for such records. *See Jones*, 460 F.2d at 152-53; *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Defendant must show some "need" for the material beyond a mere desire to comb the record in hopes of discovering some flaw. *Jones*, 460 F.2d at 152.

Defendant has failed to show a particularized need for the documents he seeks. He has no pending action in this court or at the Fourth Circuit. Further, the arguments he wishes to raise (those in his original § 2255 motion which he wants to "re-file"), have been ruled upon by this court and dismissed. If Defendant wishes to pay for copies, he may write the Clerk of Court and

---

[1] Defendant was charged with a violation of 18 U.S.C. § 924(j)(1), which carries a possible sentence of death, and was appointed two attorneys for his trial. See ECF No. 42 (appointment of Jeffrey Bloom); ECF No. 47 (appointment of Christopher Wellborn as second attorney).

3

request the items he would like. She will notify him of the price and send him copies once payment is made.

Defendant's motions for appointment of counsel to re-file his original § 2255 motion and for copies of his transcripts are **denied**.

Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 12, 2017