IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:04-353-CMC |
| v. | |
| Kenneth Roshaun Reid, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion pursuant to "Former Rule 35(a) – 'Illegal Sentence' Correction." ECF No. 801. Defendant argues the "District Court lack[e]d jurisdiction to impose a sentence under § 841(b) without the Jury making a finding or determination under § 841(b) as to which § 841(b) offense was attributable to, reasonably foreseeable to Kenneth Roshaun Reid as an individual in the drug conspiracy . . . ." *Id.* at 5. He requests immediate release, dismissal of count one, correction of illegal sentence, an evidentiary hearing, and appointment of counsel. *Id.* at 11. He has also filed an "affidavit of truth" arguing the jury did not make a finding that 50 grams of crack and 500 grams of cocaine were attributable and reasonably foreseeable to him, and therefore criminal culpability was not established as to Count 1. ECF No. 816.

Defendant purports to bring his motion under "Former Rule 35(a)," which he asserts allows "correction at any time of an illegal sentence." ECF No. 801 at 3. However, Federal Rule of Criminal Procedure 35(a) currently allows corrections of a sentence resulting from an arithmetical, technical, or other clear error within 14 days of sentencing. The court cannot use a "former rule" to modify a sentence. The court, therefore, has no jurisdiction to act on Defendant's request.

However, even if the court did have jurisdiction to act, Defendant's motion would fail on the merits. Section 841(b)(1)(A) sets the penalty for defendants found guilty of possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, and § 841(b)(1)(B) sets the penalty for defendants found guilty of possessing with intent to distribute 5 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(A), (b)(1)(B) (effective Nov. 2, 2002 to Mar. 8, 2006).[1] Defendant was charged in Count 1 with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine under §§ 841(b)(1)(A), (b)(1)(B), and 846 in the second superseding indictment (ECF No. 138); however, at trial the jury convicted him of conspiracy to possess with intent to distribute a quantity of cocaine base but did not find the conspiracy involved 50 grams or more of cocaine base or 5 grams or more of cocaine base (ECF No. 335).[2] Because the jury was unable to reach a unanimous verdict as to the higher drug weight, his conviction is under § 846, with reference to the penalty in § 841(b)(1)(C), providing the penalty for a quantity of cocaine base, "a controlled substance in schedule I or II . . .except as provided in subparagraphs (A), (B), and (D)."

Subparagraph (C), as reflected in Defendant's PSR, is the "catch all" provision for drug weights below those in subsections (A) and (B), and provides for a lesser statutory sentence than

---

[1] As Defendant was convicted September 23, 2005, the statute in effect at the time of his conviction is cited.

[2] The jury also failed to unanimously find Defendant guilty of conspiracy to possess with intent to distribute and to distribute cocaine. ECF No. 335 at 3.

subparagraphs (A) and (B) in most cases. Defendant's sentence, imposed under this subsection, is not "illegal."[3]

Defendant's motion is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
September 4, 2018

---

[3] "[A]n indictment will sustain a conviction for a lesser included offense." *Green v. Knowlin*, No. 0:09-cv-00840, 2010 WL 569572 (D.S.C. Feb. 11, 2010) (citing *State v. Fennell,* 263 S.C. 216, 209 S.E.2d 433, 434 (S.C.1974)).