IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Criminal No. 0:04-353-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Kenneth Roshaun Reid,<br>　　　　Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act of 2018.[1] ECF No. 842. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 849. The Government filed a response in opposition (ECF No. 855), and Defendant filed two motions for appointment of counsel in reply (ECF Nos. 859, 860). For the reasons explained below, Defendant's motion is denied.

Defendant was indicted on April 21, 2005 in a Second Superseding Indictment. ECF No. 138. Count 1 charged conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base. *Id.* Count 2 charged possession with intent to distribute and distribution of 5 grams or more of cocaine base. Count 3 charged the intentional killing of Ernest Hollis while engaged in a conspiracy to possess with intent to

---

[1] Defendant has also filed a motion "to produce the record that proves the charges . . . were certified when read into the record" (ECF No. 843), a motion to correct under Rule 52(b) (ECF No. 850) and a motion to dismiss pursuant to Rule 52(b) (ECF No. 851). These motions attack his conviction and sentence, and are in reality properly brought under 28 U.S.C. § 2255. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). As Defendant has not received permission from the Fourth Circuit to file a second or successive motion under § 2255, these motions are dismissed as this court lacks jurisdiction over them. 28 U.S.C. § 2244(b)(3)(A).

distribute and to distribute cocaine and cocaine base, and aiding and abetting.  Count 4 charged a violation of 18 U.S.C. § 924(c) causing the death of a person through use of a firearm.  Counts 9, 11, and 13 charged violations of § 924(c).  Count 10 charged Defendant with being an unlawful user of controlled substances who knowingly possessed a firearm which had moved in interstate commerce.  Counts 12 and 14 charged felon in possession of a firearm.  *Id.*

Defendant was convicted at trial on Counts 1, 4, 12, and 14.  The jury did not reach a unanimous verdict as to the drug weight in Count 1.  ECF No. 335.  Therefore, his conviction was based upon the lesser included offense of conspiracy involving a "quantity" of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846.  He was sentenced on August 2, 2006 to Life imprisonment based on application of the murder cross-reference under U.S.S.G. § 2A1.1(a) in Count 4.  ECF No. 402.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added).  The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed."  *Id.*  However, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

2

Because Defendant was convicted of a crime under § 841(b)(1)(C) (Count 1), and the enactment of the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction, he is not eligible for consideration of a reduction under the terms of the First Step Act. Further, his sentence was driven by the murder cross-reference on Count 4, not the drug weight in Count 1. Accordingly, Defendant's motion pursuant to the First Step Act (ECF No. 842) is denied.[2]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 17, 2019

---

[2] Defendant's requests for appointment of counsel to pursue his motion under the First Step Act are denied. *See* ECF Nos. 859, 860.