IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 0:04-353-CMC |
| vs. | |
| | **OPINION AND ORDER** |
| Kenneth Roshaun Reid, | |
| Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reconsideration of the Denial of his First Step Act motion. ECF No. 864. Defendant also filed a motion to appoint counsel and for an evidentiary hearing regarding his First Step Act motion. ECF No. 863. He argues he is eligible for relief because he was not convicted under § 841(b)(1)(C) because that was not charged in his indictment or listed on the verdict form at his trial. *Id.* at 1.

As explained in the Order denying Defendant's First Step Act motion, Defendant was convicted at trial on Counts 1, 4, 12, and 14. The jury did not reach a unanimous verdict as to the drug weight in Count 1. ECF No. 335. Therefore, his conviction was based upon the lesser included offense of conspiracy involving a "quantity" of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. He was sentenced on August 2, 2006 to Life imprisonment based on application of the murder cross-reference under U.S.S.G. § 2A1.1(a) in Count 4. ECF No. 402.

In 2010, Congress passed the Fair Sentencing Act to reduce the disparity in the treatment of cocaine base and powder cocaine offenses by increasing the quantities of cocaine base <u>required to trigger 21 U.S.C. §§ 841(b)(1)(A) and (B)</u>. *See* Pub. L. No. 111-220, 124 Stat. 2372 (emphasis added). The First Step Act of 2018 applied these provisions of the Fair Sentencing Act retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of

the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the offense was committed." *Id.* However, the First Step Act does not contemplate reducing sentences for Defendants convicted under sections other than §§ 841(b)(1)(A) and (b)(1)(B).

Because Defendant was convicted of a crime under § 841(b)(1)(C) (Count 1), and the enactment of the Fair Sentencing Act of 2010 did not reduce the statutory penalties associated with that conviction, he is not eligible for consideration of a reduction under the terms of the First Step Act. Although Defendant has argued he could not have been convicted under § 841(b)(1)(C), he is mistaken – subsection (C) is a lesser included offense and as such did not have to be charged in the Indictment. This has been explained to Defendant multiple times in response to myriad other motions he has filed along these lines. Further, his sentence was driven by the murder cross-reference on Count 4, not the drug weight in Count 1. Accordingly, Defendant's motion for reconsideration (ECF No. 864) is denied. The motion to appointment of counsel (ECF No. 863) is also denied, as Defendant is not entitled to relief.[1]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 28, 2019

---

[1] Defendant has also filed a *pro se* motion for relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(5), (4). ECF No. 868. This motion, along with a letter received by the court on October 10, 2019 (ECF No. 890), contain sovereign citizen type arguments regarding satisfaction of payments and settlement through ledger. These arguments are not cognizable in federal court and the motions are denied.