IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:04-353 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 6, 2020, Defendant, proceeding *pro se*, filed a motion "pursuant to judicial notice" under Fed. R. Crim. P. 60(b)(4)[1] and 52(b). ECF No. 898. Defendant argues "Title 18 of the United States Code never became positive Law" and therefore the "imposition of a sentence on count 4 is plain error." *Id.*

The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. at 531-32. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207; *see also McRae*, 793 F.3d at 397 (holding a true Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings.").

---

[1] Although Defendant referenced Federal Rule of *Criminal* Procedure 60(b)(4), that rule discusses victims' rights. However, Federal Rule of *Civil* Procedure 60(b)(4) allows for relief from judgment because "the judgment is void." The court will construe his motion as one under Fed. R. Civ. P. 60(b)(4).

Defendant has filed several motions attempting to overturn his conviction pursuant to different rules and theories, including his original §2255 motion. *See, e.g.*, ECF Nos. 498, 611, 629, 632, 707, 723. Defendant's current motion seeks to challenge his conviction and sentence and therefore is, in reality, a second or successive motion for relief under § 2255. Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Therefore, Defendant's motion is dismissed without prejudice as this court is without jurisdiction to consider it.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 23, 2020